**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**MICHAEL ALONZA RUFUS, #99284-071**                                        **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:08-cv-303-DCB-MTP**

**KATON LEE VARNADO, et al.**                                                  **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

Plaintiff, was an inmate incarcerated in the Federal Correctional Complex - Yazoo, Yazoo City, Mississippi, when he filed this Bivens[1] complaint on October 15, 2008. On September 24, 2009, an order [22] was entered directing plaintiff to file a written response, on or before October 5, 2009. The plaintiff was warned in this court's order [22] of September 24, 2009, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. The plaintiff failed to comply with this order [22].

In an order [23] entered October 21, 2009, plaintiff was directed to show cause why this case should not be dismissed for his failure to comply with this court's order [22] of September 24, 2009. Additionally, plaintiff was given until and including November 4, 2009 to comply with this court's order [22]. The plaintiff was warned in the show cause order that failure to timely comply with the requirements of the order may result in the dismissal of his complaint without further notice. The plaintiff failed to comply with the show cause order [23].

Plaintiff has failed to comply with two court orders and has not contacted this court since August 25, 2009. This court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See generally Link v. Wabash R.R.,

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

370 U.S. 626 (1962); Larson v. Scott, 157 F.3d 1030 (5th Cir.1998); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Link, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  Id. at 629-30.

The court concludes that dismissal of this action for plaintiff's failure to prosecute and failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the defendants have not been called on to respond to plaintiff's pleading, and the court has not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice.  See Munday/Elkins Auto. Partners, LTD. v. Smith, 201 F. App'x 265, 267 (5th Cir. 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's complaint shall be dismissed without prejudice.  A final judgment in accordance with this memorandum opinion and order will be entered.

SO ORDERED, this the ___7th___ day of December, 2009.

    ___s/ David Bramlette_____
    UNITED STATES DISTRICT JUDGE